**Robert J. JARVIS, Petitioner-Appellant,**

v.

**L. S. NELSON, Respondent-Appellee.**

No. 71-2443.

United States Court of Appeals, Ninth Circuit.

Aug. 21, 1972.

Robert J. Jarvis, in pro. per.

Evelle J. Younger, Atty. Gen., Edward P. O'Brien, Gloria F. DeHart, Deputy Attys. Gen., Herbert L. Ashby, Chief Asst. Atty. Gen., Doris H. Maier, Asst. Atty. Gen., San Francisco, Cal., for respondent-appellee.

Before KOELSCH, DUNIWAY and TRASK, Circuit Judges.

PER CURIAM:

Jarvis appeals from an order denying his petition for a writ of habeas corpus, 28 U.S.C. § 2254. The district court accepted the factual determination of the California state courts that Jarvis validly waived his constitutional right to remain silent, after the proper warnings required by Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, had been given by the interrogating officers, and that the statements given by Jarvis thereafter were voluntarily made and properly admitted into evi-

dence at his trial for robbery and assaulting a police officer. People v. Jarvis, 1969, 276 Cal.App.2d 446, 80 Cal. Rptr. 832.

A federal court may rely in a habeas corpus proceeding on the state court's factual determinations under certain conditions established by 28 U.S.C. § 2254(d). Relying on that statute, the court below found:

> "This Court has reviewed the transcript of the proceedings in the trial court and has concluded that petitioner received a fair hearing with full opportunity to develop the material facts related to his claim, that the material facts were adequately developed, and that there is sufficient evidence in support of the state trial and appellate court determinations that petitioner's statement was properly admitted into evidence."

We agree.

Jarvis' other contention does not raise a federal question.

Affirmed.